# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **NEWFLUX LLC,**<br><br>Plaintiff<br><br>v.<br><br>**BEST BUY CO. INC.,**<br><br>Defendant | **Case No. 6:20-cv-00732**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NewFlux LLC ("Plaintiff" or "NewFlux") hereby asserts the following claims for patent infringement against Best Buy Co. Inc. ("Defendant" or "BBY"), and alleges, on information and belief, as follows:

## THE PARTIES

1. New Flux LLC is a limited liability company organized and existing under the laws of Utah with its principal place of business in Centerville, Utah.

2. Defendant is a corporation organized and existing under the laws of Minnesota with corporate address of 7601 Penn Avenue South, Richfield, Minnesota 55423.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Defendant has committed acts of infringement in this judicial district.

5. Defendant has a regular established place of business in this judicial district at 4627 S Jack Kultgen Expy, Waco, TX 76706.



6. On information and belief, the Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

7. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Western District of Texas.

8. On information and belief, Defendant has encouraged and induced its customers to infringe the patents-in-suit, as detailed below, in Waco, Texas.

9. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1400(b).

**U.S. PATENT NO. 9,511,903**

10.     NewFlux is the owner, by assignment, of U.S. Patent No. 9,511,903 ("the '903 Patent"), entitled COVERING, PROTECTING, AND POSITONING A PORTABLE ELECTRONIC DEVICE, which issued on December 6, 2016. A copy of the '903 Patent is attached as **Exhibit PX-903**.

11.     The '903 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12.     Claim 1 of the '903 Patent recites:

1.      A protective cover device comprising:

a display protector that covers at least a portion of a display of a portable electronic device when applied to the portable electronic device and articulated to a protective position, the display protector further providing a contact surface to support the portable electronic device when articulated to a viewing position; and

an articulating member connected proximate a first end of the display protector and propping up the portable electronic device when the display protector is articulated to the viewing position, the articulating member including at least one fastening component that is detachably fastenable to at least one compatible fastening component locatable on a backside of the portable electronic device, the display protector further including a fastening region extending along at least a portion of the contact surface, the fastening region being detachably coupleable with one or more compatible fastening components when the display protector is articulated to the viewing position, the one or more compatible

fastening components being situated proximate a peripheral edge of the display or a back cover component for the portable electronic device.

## U.S. PATENT NO. 9,131,756

13. NewFlux is the owner, by assignment, of U.S. Patent No. 9,131,756 ("the '756 Patent"), entitled DEVICE COVERING, PROTECTING, AND POSITONING A PORTABLE ELECTRONIC DEVICE, which issued on September 15, 2015. A copy of the '756 Patent is attached as **Exhibit PX-756**.

14. The '756 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

15. Claim 1 of the '756 Patent recites:

1. A protective cover device comprising:

a display protector that substantially covers a display of a portable electronic device when applied to the portable electronic device and articulated to a protective position, the display protector further providing a contact surface to support the portable electronic device when articulated to a viewing position; and

an articulating member connected to a proximal end of the display protector and propping up the portable electronic device when the display protector is articulated to the viewing position, the articulating member including a magnetic fastener that is magnetically detachably fastenable to a compatible magnetic component locatable on a backside of the portable electronic device, the display protector further including one or more magnetic strips extending from a distal end of the display protector to the proximal end of the display protector, the one or more magnetic strips being magnetically coupleable with one or more

compatible magnetic components when the display protector is articulated to the viewing position, the one or more compatible magnetic components being situated along a peripheral edge of the display or a back cover component for the portable electronic device.

## U.S. PATENT NO. 10,470,540

16. NewFlux is the owner, by assignment, of U.S. Patent No. 10,470,540 ("the '540 Patent"), entitled COVERING, PROTECTING, AND POSITONING A PORTABLE ELECTRONIC DEVICE, which issued on November 12, 2019. A copy of the '540 Patent is attached as **Exhibit PX-540**.

17. The '540 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

18. Claim 1 of the '540 Patent recites:

1. A protective cover device comprising:

a display protector of a portable electronic device, the display protector having an elongated surface configured to cover and protect a screen of the portable electronic device; and

an articulating member connected proximate a first end of the elongated surface of the display protector and extendable around the portable electronic device to a backside of the portable electronic device, the articulating member including at least one rotatable fastening component that is detachably fastenable to a surface on the backside of the portable electronic device, the at least one rotatable fastening component being rotatable relative to the surface on the backside of the portable electronic device.

## ACCUSED PRODUCTS

19. Upon information and belief, Defendant sells, and offers for sale, protective cases for electronic devices ("Accused Products.")

20. The Accused Products include, but are not limited to, the following products:







21. NewFlux will identify additional accused products pursuant to the Court's scheduling order.

## COUNT I
## (Infringement of U.S. Patent No. 9,511,903)

22. NewFlux incorporates paragraphs 1-20 herein by reference.

23. Defendant has been on notice of the '903 Patent at least as early as the date it received service of this complaint.

24. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including Claim 1, of the '903 Patent by selling and offering to sell the Accused Products.

25. Defendant, with knowledge of the '903 Patent, infringes the '903 Patent by inducing others to infringe the '903 Patent. In particular, Defendant intends to induce its customers to infringe the '903 Patent by encouraging its customers to use the Accused Products.

26. The Accused Products are a protective cover device.

27. The Accused Products comprise a display protector that covers at least a portion of a display of a portable electronic device when applied to the portable electronic device and articulated to a protective position, the display protector further providing a contact surface to support the portable electronic device when articulated to a viewing position.

28. The Accused Products comprise an articulating member connected proximate a first end of the display protector and propping up the portable electronic device when the display protector is articulated to the viewing position, the articulating member including at least one fastening component that is detachably fastenable to at least one compatible fastening component locatable on a backside of the portable electronic device, the display protector further including a fastening

region extending along at least a portion of the contact surface, the fastening region being detachably coupleable with one or more compatible fastening components when the display protector is articulated to the viewing position, the one or more compatible fastening components being situated proximate a peripheral edge of the display or a back cover component for the portable electronic device.

29. NewFlux has been damaged by Defendant's infringement of the '903 Patent.

## COUNT II
## (Infringement of U.S. Patent No. 9,131,756)

30. NewFlux incorporates paragraphs 1-28 herein by reference.

31. Defendant has been on notice of the '756 Patent at least as early as the date it received service of this complaint.

32. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including Claim 1, of the '756 Patent by selling and offering to sell the Accused Products.

33. Defendant, with knowledge of the '756 Patent, infringes the '756 Patent by inducing others to infringe the '756 Patent. In particular, Defendant intends to induce its customers to infringe the '756 Patent by encouraging its customers to use the Accused Products.

34. The Accused Products are a protective cover device.

35. The Accused Products comprise a display protector that substantially covers a display of a portable electronic device when applied to the portable electronic device and articulated to a protective position, the display protector further providing a contact surface to support the portable electronic device when articulated to a viewing position; and

36. The Accused Products comprise an articulating member connected to a proximal end of the display protector and propping up the portable electronic device when the display protector is articulated to the viewing position, the articulating member including a magnetic fastener that is magnetically detachably fastenable to a compatible magnetic component locatable on a backside of the portable electronic device, the display protector further including one or more magnetic strips extending from a distal end of the display protector to the proximal end of the display protector, the one or more magnetic strips being magnetically coupleable with one or more compatible magnetic components when the display protector is articulated to the viewing position, the one or more compatible magnetic components being situated along a peripheral edge of the display or a back cover component for the portable electronic device.

37. NewFlux has been damaged by Defendant's infringement of the '756 Patent.

## COUNT III
## (Infringement of U.S. Patent No. 10,470,540)

38. NewFlux incorporates paragraphs 1-36 herein by reference.

39. Defendant has been on notice of the '540 Patent at least as early as the date it received service of this complaint.

40. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including Claim 1, of the '540 Patent by selling and offering to sell the Accused Products.

41. Defendant, with knowledge of the '540 Patent, infringes the '540 Patent by inducing others to infringe the '540 Patent. In particular, Defendant intends to induce its customers to infringe the '540 Patent by encouraging its customers to use the Accused Products.

42. The Accused Products are a protective cover device.

43. The Accused Products comprise a display protector of a portable electronic device, the display protector having an elongated surface configured to cover and protect a screen of the portable electronic device; and

44. The Accused Products comprise an articulating member connected proximate a first end of the elongated surface of the display protector and extendable around the portable electronic device to a backside of the portable electronic device, the articulating member including at least one rotatable fastening component that is detachably fastenable to a surface on the backside of the portable electronic device, the at least one rotatable fastening component being rotatable relative to the surface on the backside of the portable electronic device.

45. NewFlux has been damaged by Defendant's infringement of the '540 Patent.

## PRAYER FOR RELIEF

WHEREFORE, BCS respectfully requests the Court enter judgment against Defendant:

1. declaring that the Defendant has infringed the '903, '756, and '540 Patents;
2. awarding NewFlux its damages suffered as a result of Defendant's infringement of the '903, '756, and '540 Patents;
3. awarding NewFlux its costs, attorneys' fees, expenses, and interest; and
4. granting NewFlux such further relief as the Court finds appropriate.

## JURY DEMAND

NewFlux demands trial by jury, Under Fed. R. Civ. P. 38.

Dated:  August 13, 2020                              Respectfully Submitted

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**